UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KASIDEY KEMP, ) | |
| ) | |
| Plaintiff, ) | No. 1:19-CV-07637 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| KICKERT SCHOOL BUS LINES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Kasidey Kemp filed a *pro se* lawsuit against her former employer, Kickert School Bus Lines, Inc., alleging a hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and intentional infliction of emotional distress.[1] *See* R. 21, Am. Compl. ¶¶ 15, 40.[2] After discovery, both parties moved for summary judgment. R. 49, Pl.'s Mot. Summ. J. at 1–2; R. 57, Def.'s Mot. Summ. J., and Kickert won a dismissal of the federal claim and relinquishment of the emotional-distress claim. R. 70, Summ. J. Op. at 17.

On October 28, 2021 (the specific date is important), or 28 days after the Court entered summary judgment, Kemp filed a Notice of Appeal. R. 73. Kickert did not submit a Bill of Costs at that time. The appeal proceeded and on June 1, 2022, the Seventh Circuit affirmed *per curiam* the entry of summary judgment. 7th Cir. No. 21-

---

[1] The Court had subject matter jurisdiction over the Title VII claim under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367.
[2] Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

3012, Dkt. 23. Fourteen days after the Seventh Circuit's decision was issued, Kickert submitted a Bills of Costs on June 15, 2022, in both the Seventh Circuit and this Court. 7th Cir. No. 21-3012, Dkt. 25; R. 79, Def.'s Bill of Costs. In this Court, Kickert moves under Federal Rules of Civil Procedure 54(d) for costs as permitted by Title VII and 28 U.S.C. § 1920. *See* Def.'s Bill of Costs; *see also* 42 U.S.C. § 2000e-5(k). Kemp objects to the Bill of Costs as untimely, among other reasons. R. 86, Pl.'s Obj. Bill of Costs. For the reasons explained in this Opinion, Kickert's motion for costs is granted in part and denied in part.

## I. Background

The underlying facts were detailed in the summary judgment opinion, *see* Summ. J. Op., so only a high-level overview is set forth as relevant to the bill of costs. Kemp worked for Kickert from 2018 to 2020 as a school bus monitor. Am. Compl. ¶¶ 3, 5; R. 58, DSOF ¶ 67.[3] Starting in late October 2018, Kemp began reporting to Kickert Manager Debbie Cipkar and Human Resources Director Steve Miller of harassing incidents, the first being an encounter where bus driver Oscar Foster's non-consensually touched Kemp's mid and lower back. R. 60-1, PSOF ¶ 1; DSOF ¶ 20; R. 58-1, Def.'s Exh. 1, Steve Miller Decl. ¶ 4. Kickert's response to Kemp's complaints included issuing warnings, suspensions, re-training, and reiterating the company's policy. DSOF ¶ 25; R. 61 at 3, Pl's. Exh. 1, Steve Miller Dep. at 66:10–15.

---

[3]Citations to the parties' Local Rule 56.1 Statements of Fact are identified as follows: "DSOF" for Kickert's (Defendant's) Statement of Undisputed Facts (R. 58); "PSOF" for Kemp's (Plaintiff's) Statement of Facts (R. 60-1 at 14); Pl. Resp. DSOF for Kemp's Response to the DSOF (R. 60-1 at 1); and Def. Reply Pl. Resp. DSOF ¶ 31 (R. 65).

The following months involved Kemp's filing further complaints to Kickert for incidents and Kickert's investigation of the complaints. Am. Compl. ¶¶ 44–49; DSOF ¶¶ 47, 49–50; Pl. Resp DSOF ¶ 31. Kickert provided similar responses as its first action, all of which were to Kemp's dissatisfaction. DSOF ¶¶ 40–41, 48, 51; Miller Decl. ¶ 16; Miller Dep. at 82:5–20. Ultimately, Kemp then filed suit, alleging a hostile work environment on the basis of gender (Claim One) and retaliation (Claim Two) in violation of Title VII as well as a state law claim for intentional infliction of emotional distress (Claim Three). Am. Compl. ¶¶ 15, 40.

Following two years of litigation and cross-motions for summary judgment, this Court granted Kickert's summary judgment motion on Claims One and Two and relinquished jurisdiction over the state law claim, Claim Three. Summ. J. Op. at 17. This Court also denied Kemp's cross-motion for summary judgment. *Id.* This judgment was silent as to costs. *Id.*

Kemp then appealed. The Seventh Circuit affirmed on June 1, 2022, and awarded costs to Kickert. 7th Cir. No. 21-3012, Dkts. 23, 24. Two weeks later, on June 15, 2022, Kickert filed a Bill of Costs in the Seventh Circuit in the amount of $112.50 to cover costs for reproduction of briefs; the Court of Appeals granted the bill. 7th Cir. No. 21-3012, Dkt. 26 at 7. Kickert also filed its Bill of Costs in this Court on the same day, invoking Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920, and 42 U.S.C. § 2000e-5(k). Def.'s Bill of Costs at 1. In this Court, Kickert seeks $220 in fees for service of summons and subpoena; $4,538.64 for fees for printed or electronically

3

recorded transcripts necessarily obtained for use in the case; and $178.40 for fees and disbursements for printing. *Id.*

Kemp objects to these costs, arguing first that Kickert's filing is untimely. Pl.'s Obj. Bill of Costs at 1–2. Kemp contends that Kickert's failure to file a Bill of Costs within 30 days of *this Court's* entry of judgment—which would have been by October 30, 2021—waives Kickert's ability to recover "costs other than those of the clerk, taxable pursuant to 28 U.S.C. § 1920" for the district court proceeding. *Id.* at 2 (quoting L.R. 54.1). When Kickert did file a Bill of Costs after the Seventh Circuit's affirmance, eight months had passed since entry of judgment in the District Court. *Id.* So Kemp requests this Court deny Kickert's Bill of Costs in its entirety. *Id.*

In the alternative, Kemp argues that Kickert cannot recover several itemized costs in its Bill of Costs for being either unnecessary or unreasonable. Pl.'s Obj. Bill of Costs at 2–4. Because Kickert attempted to deliver subpoenas for the deposition of Taylor Kemp and Carla Yuknis through a rush delivery three days before the close of discovery, Kemp argues that this timing is not reasonable because it would not have been practicable to complete the depositions. *Id.* at 2. Kemp also characterizes the subpoena expense for her medical records as "unnecessary" for three primary reasons: (1) Kemp already had provided Kickert with the medical records necessary for the case; (2) Kemp already had given Kickert the medical records in her possession; and (3) Kickert did not use Kemp's medical records in responding to the emotional distress claim. *Id.* at 4.

4

For the deposition transcripts as to Kemp's own deposition, Kemp argues that Kickert's use of her depositions are largely duplicative of what Kemp mentioned in "letters and interviews by local management and Kickert's Human Resource department," arguing that the cost is therefore unnecessary. Pl.'s Obj. Bill of Costs at 4. Finally, Kemp also questions the legitimacy of certain costs and documentation in support of the costs. Kemp questions whether the invoices provided by Kickert in support of its Bill of Costs are proof of payment. *Id.* Kemp also suggests there is a discrepancy in costs incurred because the requested deposition does not list a fee for a videographer's attendance. *Id.* For the remaining depositions, Kemp states that she paid for and shared the depositions for Angela Nickerson, Crystal Drew, and Steve Miller, which were necessary for Kemp's partial motion for summary judgment. *Id.* at 3. Because this Court denied her motion for summary judgment and Kickert's invoices do not show actual payment for these three depositions, Kemp considers these costs "neither necessary nor paid for" by Kickert. *Id.*

In response, Kickert argues that the Seventh Circuit's judgment awarding costs was the "first judgment awarding costs," so the bill was not due until 30 days after *that* judgment. R. 88, Def.'s Reply Supp. Bill of Costs, at 4. Kickert also defends each of its costs as necessary to defending the case. *Id.* at 7. For the subpoena costs as to Taylor Kemp and Carla Yuknis, Kickert maintains these costs were necessary because Kemp "disclosed these individuals as persons who had knowledge of the facts related to her claims." *Id.* For the subpoenas for medical records, Kickert states there

5

was potential that the medical records given by Kemp were incomplete or might have omitted an alternative explanation for her emotional-distress claim. *Id.* at 7–8.

Furthermore, Kickert argues that all the listed transcripts were necessary to respond to Kemp's assertions in response to Kickert's summary judgment motion. Def.'s Reply Supp. Bill of Costs at 5–6. Kickert also contends that invoices are sufficient to support a Bill of Costs. *See Wilson Sporting Goods Co. v. Hillerich Bradsby Co.*, No. 00 C 6517, at *5 (N.D. Ill. Mar. 21, 2005). Finally, Kickert notes that the Seventh Circuit issued a mandate for taxable costs in the Appellate Court. 7th Cir. No. 21-3012, Dkt. 26-1. This cost totals $112.50. *Id.*

## II. Legal Standard

Generally, in civil rights cases, attorney's fees for prevailing defendants are not typically recoverable unless a demanding standard is met. *See* 42 U.S.C. § 2000e; Fed. R. Civ. P. 54(d). But like any other case, costs generally may be awarded to defendants (and to plaintiffs) who prevail. *See* 28 U.S.C. § 1920. Specifically, prevailing parties may recover costs "unless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d). Indeed, "the presumption in favor of awarding costs … is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states a good reason for denying them." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 929, 945 (7th Cir. 1997).

In awarding costs, the district court must determine (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir.

2000). Furthermore, certain costs may not be awarded if the losing party is indigent or if the party seeking costs engaged in misconduct. *See Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006); *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). Finally, this District's Local Rules set a deadline for filing a bill of costs:

> within 30 days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party. If the bill of costs is not filed within 30 days, costs other than those of the clerk, taxable pursuant to 28 U.S.C. § 1920, shall be deemed waived. The court may, on motion filed within the time provided for the filing of the bill of costs, extend the time for filing the bill.

L.R. 54.1(a).

### III. Analysis

### A. Timeliness

As discussed earlier, Kickert seeks to recover $220 in fees for service of summons and subpoena; $4,538.64 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and $178.40 for fees and disbursements for printing. Def.'s Bill of Costs at 1. "[T]axable costs (other than clerk's costs) are waived if a bill of costs is not filed within 30 days of entry of judgment." *Oshana v. Coca-Cola Co.*, 487 F. Supp. 2d 961, 979 (N.D. Ill. 2007). Because an untimely filing of a bill of costs under Local Rule 54.1 results in forfeiture of taxable costs other than clerk's costs, the Court first addresses the threshold question of whether Kickert's filing was timely.

The parties disagree on whether this Court's September 30, 2021, entry of judgment triggered the 30-day clock under Local Rule 54.1. In her objection to the

7

bill, Kemp argues that "at no time between the Judgment being entered, and Kemp moving for an appeal, did Kickert submit a motion for costs." Pl.'s Obj. Bill of Costs at 2. Kemp also points out that Kickert failed to move for an extension to submit the bill. *Id.* When Kickert did file a Bill of Costs upon the Seventh Circuit's affirming this Court's ruling, eight months had passed since this Court's initial entry of judgment.

For its part, Kickert argues that "bills of costs are usually presented after appeals" and that because their Bill of Costs to this Court was submitted within 30 days of the later Court of Appeals ruling, it was still timely. Def.'s Reply Supp. Bill of Costs at 3–4 (quoting *Popeil Brothers v. Schick Electric, Inc.*, 516 F.2d 772, 777 (7th Cir. 1975)).

Kickert relies on *Popeil Brothers v. Schick Electric, Inc.* In *Popeil*, the Seventh Circuit addressed whether the district court incorrectly denied the defendant's request for costs and attorney's fees after entering a judgment that was silent as to costs. 516 F.2d at 773. Specifically, after a patent-infringement trial, the district court entered a dismissal of the plaintiff's claims, but the judgment was silent on the issue of costs. *Id.* The plaintiff appealed, but the Seventh Circuit affirmed the judgment, and the appellate court's judgment noted that it was "with costs." *Id.* On the direct appeal, the question of costs at the district-court level was never raised nor decided. *Id.* On remand, the district court entered a judgment based "on [the] mandate" and the district-court clerk taxed costs against the plaintiff, adding the costs awarded by Seventh Circuit from the prior appeal. *Id.* The plaintiff moved to set aside these costs, objecting "to the propriety of taxing costs inasmuch as the original order dismissing

8

the complaints had been silent as to costs and that order had been appealed and affirmed." *Id.* at 774.

Although the district court granted the plaintiff's motion to set aside the costs, the Seventh Circuit reversed. *Popeil Bros.*, 516 F.2d at 778. *Popeil* reasoned that because bills of costs are typically presented *after* appeals, "the silence as to costs of the original judgment of dismissal … had the effect of neither finalizing the amount of costs nor of depriving the prevailing party of its presumption that costs would be included in the final judgment upon the mandate after appeal." *Id.* at 777. So, the Seventh Circuit reasoned, the silence of the district court's opinion did not take away this presumption and the award of costs should have been granted. *Id.*

Kickert relies on *Popeil* for the proposition that because this Court's September 30 judgment was silent as to costs but the Court of Appeals' judgement was not, and because bills of costs are usually presented after an appeal, the company's bill was submitted on time. But *Popeil* was decided in 1972, *before* there was an applicable Local Rule further specifying the deadlines for submitting bills of costs. The Northern District of Illinois "did not adopt L.R. [54.1] until August 1973 and the rule did not become effective until September 1, 1973."[4] *Congregation of the Passion, Holy Cross*

---

[4]*Congregation of the Passion* refers to Local Rule 45(a), rather than Local Rule 54.1. As explained by *Ogborn v. United Food & Com. Workers, Loc. No. 881*, 2000 WL 1810059 (N.D. Ill. Dec. 7, 2000), the current Local Rule 54.1(a) was previously numbered as Local General Rule 45(a). Both rules contain the same operative language. Local Rule 45(a) as cited in in *Congregation of the Passion* provided:

Within thirty (30) days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party. If the bill of costs is not filed within the thirty days, costs other than those of the clerk,

*Province v. Touche, Ross & Co.*, 854 F.2d 219, 221 (7th Cir. 1988). Since the *Popeil* decision, this District, through Local Rule 54.1, adopted the so-called 30-day final judgment rule which specifies the limit for filing as a 30-day window from " the entry of a judgment allowing costs." L.R. 54.1. The question becomes whether a judgment silent to costs—like the September 30 judgment—constitutes a judgment allowing costs under the 30-day judgment rule, thereby starting the 30-day clock.

The Seventh Circuit addressed this issue after the adoption of the 30-day final judgment rule in *Congregation of the Passion*. In *Congregation of the Passion*, a plaintiff brought a securities-fraud action against the defendant. 854 F.2d at 220. The district court granted summary judgment in favor of the defendant and entered final judgment on July 25, 1985; the judgment was silent as to costs.[5] *Id.* The plaintiff then appealed, but the Seventh Circuit affirmed on September 4, 1986. *See Congregation of the Passion, Holy Cross Province v. Kidder Peabody & Co.*, 800 F.2d 177 (7th Cir. 1986). The Seventh Circuit's opinion also was silent as to costs. On November 6, 1986, almost 16 months after the district court's final judgment, the defendant filed a motion for costs with the district court. *Congregation of the Passion*, 854 F.2d at 220.

---

taxable pursuant to 28 U.S.C. § 1920, shall be deemed waived. The court may, on motion filed within the time provided for the filing of the bill of costs, extend the time for filing the bill.

854 F.2d at 220.

Hereinafter, for clarity purposes, all references to L.R. 45(a) are denoted as [54.1] or "the 30-day final judgment rule."

[5]Because the district court's judgment granted all of the defendant's requested relief and completely disposed of the case against the defendant in federal question, there was no question that the defendant was the prevailing party. *Id.*

The plaintiff objected to the timeliness of this motion, relying on the 30-day final judgment rule and contending that the defendant "had waived costs by not filing a timely bill of costs" by August 25, 1985—or 30 days after the district court's judgement. *Id.* at 220–21. The Court of Appeals agreed, holding that a judgment silent as to costs really constituted—in light of the presumption of costs-shifting in Civil Rule 54(d)—a judgment *allowing* costs. *Id.* at 222. The Seventh Circuit clarified that "*Popeil Bros.* did not involve Local Rule [54.1]." *Id.* at 221. Rather, "*Popeil Bros.* stands only for the proposition that *where no local rule sets a time limit* for filing a bill of costs, the 30-day final judgment rule … allows a prevailing party to wait until after appeal to file its bill." *Id.* (emphasis added). Because Local Rule 54.1 had not yet been adopted, "the timeliness of filing under the rule was obviously not an issue in *Popeil Bros.*" *Id.*

The Court of Appeals explained that this reading was consistent with the purpose of Local Rule 54.1, which was adopted in order to "provide a definite time limit for taxing and assessing costs, and to ensure that cases do not remain open for indeterminate periods awaiting a decision on costs." 854 F.2d at 222. By interpreting a district-court judgment that is silent as to costs to be the starting point of that time limit, "[o]ur interpretation of Local Rule [54.1] ensures that the district court will promptly settle questions about costs." *Id.* The alternative reading would treat differently parties who receive judgments expressly allowing costs being tethered to a 30-day judgment while those who receiving judgments silent as to costs facing no definite time limit. *Id.* at 223.

The Seventh Circuit further reasoned that a judgment silent as to costs was in effect a judgment *allowing* costs for two other reasons. First, the Court relied on the text of Fed Rule of Civil Procedure 54(d). 854 F.2d at 221. Where "costs shall be allowed as of course to the prevailing party, unless the district court otherwise directs," Fed. R. Civ. P. 54(d), and the district court has not "otherwise directed" through its silence, silence does *not* qualify as a directive against costs. *Id.* Second, the consistent "*presumption* that the prevailing party will recover costs, and that the ultimate decision to award costs is within the district court's discretion,", meant that "unless and until the losing party affirmatively shows that the prevailing party is not entitled to costs, the district court must award them, 'as of course,'" *Congregation of the Passion,* 854 F.2d at 221–22 (emphasis in original).[6] So the 30-day final judgment rule's clock starts after the entry of a judgment allowing costs—which includes district-court judgments that are silent as to costs. *Id.* at 221–23.

In this case, the Court entered a judgment that did not mention costs. As clarified by *Congregation of the Passion,* the silent-as-to-costs judgment qualifies as a judgment allowing costs under Local Rule 54.1 As a result, the 30-day clock for filing of a bill of costs started on October 1, 2021, and ended on November 1, 2021 (October 31 was a Sunday). So Kickert filed the district-court bill too late. Only taxable costs of the clerk remain available.

---

[6] In general, the Seventh Circuit denies costs only when the losing party is indigent or if the party seeking costs engaged in misconduct. *See Rivera*, 469 F.3d at 634; *Mother & Father*, 338 F.3d at 708.

Because the Court finds that Kickert's Bill of Costs is untimely, under Local Rule 54.1 "costs other than those of the clerk, taxable pursuant to 28 U.S.C. §1920, shall be deemed waived." L.R. 54.1. Those costs are limited to fees of the clerk and marshal pursuant to 28 U.S.C. § 1920. This entails any filing fees paid to the clerk for an original filing and fees of the marshal as including service of summons and subpoenas. 28 U.S.C. § 1921. The rest of the requested costs is denied as untimely. The Court next addresses the costs of the clerk.

### B. Costs of the Clerk

The three categories of costs that Kickert seeks to recover are (1) service of summons and subpoena; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing. Of the three, only the service of summons and subpoena constitute costs of the clerk. This limits Kickert's recoverable fees to $220 maximum in costs for service of subpoenas. Kemp challenges even those costs.

Kickert requests $220 for two categories of subpoenas: (1) subpoenas for the deposition of Taylor Kemp and Carla Yuknis; and (2) subpoenas for Kasidey Kemp's medical records from two medical providers at St. Margaret Behavior Health Center. Def.'s Bill of Costs at 1–4. Kickert supplied an invoice for service for the depositions to Taylor Kemp and Carla Yuknis, both of which indicate "Non-Service" dated December 1, 2020. *Id.* at 14–16. Each non-service is billed at $95. *Id.* at 14. The invoice for the subpoenas delivered to Medical Records Franciscan Health Dyer, Indiana, and

13

Medical Records Franciscan Health Hammond, Indiana, show service by Federal Express in the amount of $7.59 and $7.63, respectively. *Id.* at 13.

### 1. Deposition Subpoenas

On the deposition subpoenas of Taylor Kemp and Carla Yuknis, Kemp argues that the subpoenas "were never delivered" and would not have been delivered in a reasonable time. Pl.'s Obj. Bill of Costs at 2. Because Kickert attempted to deliver subpoenas through a rush delivery for these two depositions just three days before the close of discovery, Kemp argues this timing was not reasonable. *Id.*

For its part, Kickert maintains these costs were necessary because Kemp "disclosed these individuals as persons who had knowledge of the facts related to her claims." Pl.'s Obj. Bill of Costs at 7. Moreover, Kickert states that each subpoena cost $95, but only requests $55 per subpoena per the U.S. Marshals rate. *See Hood v. Nat'l R.R. Passenger Corp.*, No. 12 C 10423, at *4 (N.D. Ill. Feb. 4, 2015) (limiting recovery of subpoena costs to the fee for personal service of a subpoena by the U.S. Marshals Service, which is $55 per hour plus travel costs and any other out-of-pocket expenses).

It is true that the depositions for Taylor Kemp and Carla Yuknis could have revealed facts related to Kemp's claims. But the subpoenas were never actually served, and Kickert does not say whether it took the deposition of either individual. Also, Kickert did not seek an extension for the discovery period. Without an extension, the Court is skeptical that the depositions would have taken place in time *even if* Kickert had successfully served them. Recovering costs for these subpoenas lack

14

the requisite reasonableness to be granted here. Kickert requested $55 for each subpoena, totaling $110. This cost is denied.

Next, Kemp also objects to the subpoenas for her medical records. Kemp characterizes this expense as "unnecessary" for three primary reasons: (1) Kemp had already provided Kickert with the medical records necessary for the case; (2) Kemp had already given Kickert the medical records in her possession; and (3) Kickert did not use Kemp's medical records in responding to the emotional distress claim. Pl.'s Obj. Bill of Costs at 4. Kickert reasons that the two subpoenas for Kemp's medical records were necessary to properly defend against Kemp's emotional-distress claims. Specifically, Kickert "was entitled to receive the records directly from the providers to ensure that it had complete records and to determine if there were any alternative causes" for Kemp's claim emotional distress that she did not submit to Kickert. Def.'s Reply Supp. Bill of Costs at 7–8.

Kickert is correct. It is routine to subpoena medical records even if a party provides some, because it is possible and even probable that a party-supplied set of medical records is incomplete, either intentionally or because the health-care provider has a broader set of records. So Kickert's request to recover costs for these subpoenas is reasonable and necessary. The Seventh Circuit had explained that a cost-item's necessity is determined "in light of the facts known at the time of the deposition, without regard to intervening developments that render the deposition unneeded for further use." *Mother & Father v. Cassidy*, 338 F.3d at 712. Because Kickert may reasonably have viewed these records as necessary to defending this claim, these

15

costs are not merely items of convenience, like an extra set of copies for attorneys. *See Haroco, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 38 F.3d 1429 (7th Cir. 1994). Thus, Kickert may recover costs for this expense, which totals $110, or $55 for each medical record subpoena. *See* Def.'s Bill of Costs at 4.

## IV. Conclusion

Kickert's motion for costs is granted in small part and denied in large part. Kickert is awarded $110 in taxable costs in this Court. Also, the brief-reproduction costs granted to Kickert by the Seventh Circuit shall be paid in the amount of $112.50 (if not already paid).

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 30, 2023